IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Tibbens, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  09 C 8023 |
| Synergetic Communication, Inc., a Texas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Catherine Tibbens, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Catherine Tibbens ("Tibbens"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed to Citifinancial Auto, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Synergetic Communication, Inc. ("Synergetic"), is a Texas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Idaho, Minnesota and Texas, Defendant Synergetic collects debts from consumers nationwide, including consumers in the State of Illinois. In fact, Synergetic was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Tibbens.

5. Defendant Synergetic is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant Synergetic is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Ms. Tibbens is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt owed to Citifinancial Auto. When Defendant Synergetic began trying to collect this debt from Ms. Tibbens, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Synergetic's collection actions.

8. On September 4, 2009, one of Ms. Tibbens' attorneys at LASPD wrote to Synergetic, informing Synergetic that Ms. Tibbens was represented by counsel, and directing Synergetic to cease contacting her, and to cease all further collection activities

because Ms. Tibbens was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Synergetic directly called Ms. Tibbens on December 7, 2009, to demand that she pay the Citifinancial Auto debt, and threatened her with legal action if the debt was not paid.

10. Accordingly, on December 8, 2009, Ms. Tibbens' LASPD attorney had to send Defendant Synergetic another letter to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. All of Defendant Synergetic's collection actions complained of in this lawsuit occurred within one year of the date of this Complaint.

12. Defendant Synergetic's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Tibbens' agent, LASPD, told Defendant Synergetic to cease communications and to cease collections (Exhibit C). By

continuing to communicate regarding this debt and demanding payment, Defendant Synergetic violated § 1692c(c) of the FDCPA.

16. Defendant Synergetic's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Synergetic knew that Ms. Tibbens was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Tibbens (Exhibit C). By directly calling Ms. Tibbens, despite knowing that she was represented by counsel, Defendant Synergetic violated § 1692c(a)(2) of the FDCPA.

20. Defendant Synergetic's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Catherine Tibbens, prays that this Court:

1.      Find that Defendant Synergetic's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff, Tibbens, and against Defendant Synergetic, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Catherine Tibbens, demands trial by jury.

Catherine Tibbens,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 29, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com